1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                         NORTHERN DISTRICT OF CALIFORNIA
7
8    LEEANN BRADY,                                No. C-12-2245 EMC
9              Plaintiffs,
10       v.                                       **ORDER GRANTING DEFENDANT'S
                                                  MOTION TO DISMISS**
11   UNITED OF OMAHA LIFE INSURANCE
     COMPANY,                                     **(Docket No. 13)**
12
               Defendants.
13   _____/
14
15                          I.    **INTRODUCTION**
16          On May 4, 2012, Plaintiff Leeann Brady brought suit against Defendant United of Omaha

17   Life Insurance Company ("United of Omaha") under the Employee Retirement Income Security Act

18   of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et. seq.*, for the recovery of disability benefits alleged to

19   have been improperly withheld by the Defendant, and for certain forms of equitable relief.  *See*

20   Compl. (Docket No. 1).  On May 25, 2012, United of Omaha Filed a Motion to Dismiss Plaintiff's

21   Second Claim for equitable relief pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, to Strike

22   certain provisions of that second claim under Fed. R. Civ. P. 12(f).  Def.'s Mot. to Dismiss (Docket

23   No. 13).  Having considered the parties' submissions and oral argument, the Court **GRANTS**

24   Defendant's motion with prejudice for the reasons set forth below.

25                      II.   **FACTUAL & PROCEDURAL BACKGROUND**

26          Plaintiff Leeann Brady worked for Freed and Associates as a Healthcare Management

27   Consultant, and, through the sponsorship of her employer, was enrolled in the "Freed and Associates

28   Long Term Disability Plan" ("the Plan"), a group disability insurance contract issued and

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

administered by Defendant United of Omaha.  Compl. ¶¶ 3-5 (Docket No. 1).  She became disabled on or about June 22, 2007, due to the "cognitive and physical symptoms" of Multiple Sclerosis, and was thereafter "unable to perform with reasonable continuity in the usual and customary manner, the substantial and material duties of her own occupation as a Healthcare Management Consultant."  *Id.* ¶ 6; *see also* Pl.'s Opp. (Docket No. 16) at 3.  She alleges further that she is also "unable to perform with reasonable continuity in the usual and customary manner" any other occupation "for which she [is] qualified by education, training or experience," a condition that exists to the present day.  *Id.*

"Shortly after becoming disabled," Plaintiff states that she "timely applied for [long-term disability] benefits" under the terms of the Plan based on her understanding that she "meet[s] the Plan's definition of total disability."  Compl. ¶ 7 (internal quotations omitted).  United of Omaha denied her claim for benefits on July 14, 2011, which, in turn, allegedly caused the Plaintiff to suffer "severe economic hardship and emotional distress," and required her "to engage the services of legal counsel for the purpose of obtaining her insurance benefits."  Compl. ¶¶ 7, 12-13.  Ms. Brady, through her attorney, "timely appealed [United of Omaha's] decision, and provided [Defendant] with additional and overwhelming evidence in support of her claim."  *Id.* ¶ 8.  United of Omaha again denied her claim for benefits on February 22, 2012, which prompted Plaintiff to file her present suit against the Defendant.

Plaintiff's complaint asserts two causes of action.  The first is styled as an action under 29 U.S.C. § 1132(a)(1)(B), ERISA's provision allowing civil actions for the recovery of benefits due under the terms of a covered plan, for enforcing rights under the terms of a plan, or for clarifying rights to future benefits under the terms of a plan.  Plaintiff's cause of action under this provision seeks to recover benefits Plaintiff believes "are due [to her] under the [P]lan," as well as "a declaration as to her entitlement to future benefits" and an "injunction prohibiting [Defendant] from terminating or reducing her benefits until the end of the maximum benefit period."  Compl. ¶¶ 19-20.

Plaintiff's second cause of action is brought under 29 U.S.C. § 1132(a)(3), ERISA's equitable relief provision.  In this cause of action, Ms. Brady seeks a number of equitable remedies, including a judgment permanently enjoining the Defendant from:

**United States District Court**
For the Northern District of California

1.    Denying benefits to Plaintiff based on an interpretation of "total disability" different from that required under California law;

2.    Obtaining input from biased medical consultants who are not appropriately trained and experienced in the conditions which are the subject of the claim;

3.    Serving as a fiduciary with respect to the Plan; and

4.    Terminating benefits for the duration of the applicable maximum benefit period under the Plan (a request for relief also sought in the first cause of action).

Compl. ¶¶ 26-27.  The second cause of action seeks additional requests for money damages beyond the request for an award equaling the value of benefits that the Plaintiff should have received under the Plan.  *Compare* Compl. ¶¶ 19 and 27.  This additional request for damages seeks "interest on all retroactive payments due and owing," as well as an unspecified amount that would put Ms. Brady "in the position she would have been in had she been paid the full amount of benefits to which she is entitled."  Compl. ¶ 27.  Within this latter figure Plaintiff includes, by example, "interest, attorneys fees and other losses."  *Id.*

On May 25, 2012, United of Omaha filed a Motion to Dismiss Plaintiff's second cause of action for equitable relief pursuant to Fed. R. Civ. P. 12(b)(6), or, alternately, a Motion to Strike certain provisions of that second cause of action under Fed. R. Civ. P. 12(f).  Principally, the Defendant contends that the equitable relief sought by Plaintiff in the second cause of action is either "not permissible under [ERISA]" and thus "legally deficient as a matter of law," or that material portions of it are "redundant, immaterial, [or] impertinent" and should be struck from Plaintiff's complaint as such.  *See* Def.'s Mot. to Dismiss at 1, 14.

## III.    DISCUSSION

A.    Motion to Dismiss – Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the

United States District Court
For the Northern District of California

1  nonmoving party, although "conclusory allegations of law and unwarranted inferences are

2  insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.

3  2009).  Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

4  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

5  not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6       At issue in a 12(b)(6) analysis is "not whether a plaintiff will ultimately prevail, but whether

7  the claimant is entitled to offer evidence to support the claims" advanced in his or her complaint.

8  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  While "a complaint need not contain detailed factual

9  allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"

10  *Cousins*, 568 F.3d at 1067 (9th Cir. 2009).   "A claim has facial plausibility when the plaintiff pleads

11  factual content that allows the court to draw the reasonable inference that the defendant is liable for

12  the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v.*

13  *Twombly*, 550 U.S. at 556.  "The plausibility standard is not akin to a 'probability requirement,' but

14  it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

15       1.   Plaintiff's Second Cause of Action

16       Defendant's motion seeks the dismissal of Plaintiff's "second claim for equitable relief,"

17  which is that portion of the complaint the Plaintiff identifies as her "second cause of action." *See*

18  Def.'s Mot. to Dismiss (Docket No. 13) at 1; Compl. at  4.  Plaintiff explicitly cites ERISA's

19  equitable relief provision, 29 U.S.C. § 1132(a)(3), as the basis for her second cause of action. *See*

20  Compl. at 4.  In that cause of action, she asks the Court to grant the following remedies:

21          1.      A judgment permanently enjoining United of Omaha from
              "denying benefits based on an interpretation of 'total disability'
22          different from that required under applicable California law." (Compl.
              at 6:22-25),
23
              2.      A judgment permanently enjoining United of Omaha from
24          "obtaining input from biased medical consultants" who are "not
              appropriately trained and experienced in the conditions which are the
25          subject of the claim." (Compl. at 6:26-28),

26          3.      A judgment permanently enjoining United of Omaha from
              "ever again serving as a fiduciary with respect to the Plan." (Compl. ¶
27          27:1-2),

28

4.      Damages in an amount equal to "attorneys' fees and costs." (Compl. ¶ 27:2),

5.      An order directing United of Omaha to pay "the full amount of benefits due...with interest on all retroactive payments due and owing." (Compl. ¶ 27:4-5),

6.      A judgment enjoining United of Omaha from "terminating benefits for the duration of the applicable maximum benefit period under the Plan." (Compl. ¶ 27:5-6), and

7.      Damages in the amount that would place Ms. Brady "in the position she would have been in had she been paid the full amount of benefits to which she is entitled, including, without limitation, interest, attorneys fees and other losses."  (Compl. ¶ 27:6-9).

In her opposition, Ms. Brady concedes that "recent Ninth Circuit case law precludes seeking the removal of United [of Omaha] as a fiduciary" (sought by Plaintiff in remedy No. 3 above).  Pl.'s Opp. at 2.  She further concedes that "Ninth Circuit case law precludes seeking . . . past benefits as part of a claim under section 1132(a)(3)" (a remedy sought by Plaintiff in Nos. 5 and 7 above).  *Id.* at 2.  Those concessions are warranted.  *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) effectively precludes a litigant from seeking the removal of an ERISA fiduciary under section 1132(a)(3).  *Wise* also precludes an action to seek past and future ERISA covered benefits under section 1132(a)(3).  *Wise* at 1190 (holding that a plaintiff's "equitable claim for recovery of past and future benefits is likewise barred" under section 1132(a)(3), and that "money damages are the classic form of legal relief, and are not an available remedy under ERISA's equitable safety net.") (internal quotation marks omitted).

Therefore, the Court GRANTS Defendant's Motion to Strike ¶ 27:1-2, 4-5, and 6-9 of Plaintiff's complaint.  The parties remain divided over the availability of the four remaining forms of relief sought in this portion of the complaint (identified as remedies No. 1, 2, 4, and 6 above).  After addressing certain threshold matters applying generally to Plaintiff's equitable remedies, each of the four remaining equitable remedies will be considered individually.

a.      Availability of Injunctive Relief

Three of the four remaining requests for relief under Plaintiff's second cause of action ask this Court to issue permanent injunctions to prohibit United of Omaha from engaging in certain forms of conduct that would allegedly harm Ms. Brady, as well as other claimants similarly situated,

United States District Court

For the Northern District of California

from being able to collect benefits under the Plan.  The Defendant argues, with respect to the three injunctions, that the Plaintiff has failed to make a sufficient showing that injunctive relief is warranted, and alternatively that all four remedies sought by Plaintiff under § 1132(a)(3) are duplicative of remedies available under other ERISA provisions, and are thus unavailable under ERISA's equitable relief provision as a matter of law.

In reply, Plaintiff argues that, at such an early stage in litigation, "it is simply improper to dismiss such claims" for injunctive relief "given that issues of fact remain." Pl.'s Opp.  Citing principally to *Carten v. Hartford Life & Acc. Ins. Co.*, 2010 WL 4236805 (N.D. Cal. Oct. 21, 2010), Plaintiff argues that this Court should follow other courts of this District in allowing Plaintiff's § 1132(a)(3) claims to proceed past the pleading stage.[1]

Section 1132(a)(3) of ERISA permits a civil action to be brought:

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).  The Supreme Court has interpreted section 1132(a)(3), and its parallel provision in subsection (a)(5) that gives the Secretary of Labor a similar cause of action, as creating "two catchalls, providing appropriate equitable relief for any statutory violation." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (internal quotation marks omitted).  The statute's "structure suggests that these 'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Id*.  "Where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id*. at 515.

---

[1]  The plaintiff in *Carten* filed a complaint seeking equitable remedies similar to those sought by Ms. Brady, asking for "a permanent injunction barring defendants [Hartford Life] from: (1) serving as fiduciaries to the plan, (2) obtaining input from biased, improperly trained, or inexperienced medical consultants, and (3) denying benefits based upon an interpretation of "total disability" different from that required under applicable law and the plan." *Carten*, 2010 WL 4236805 at *3.

**United States District Court**
For the Northern District of California

1    The scope of relief available under section 1132(a)(3) is relatively narrow; the phrase "other

2    appropriate equitable relief" precludes "awards for compensatory or punitive damages." *Mertens v.*

3    *Hewitt Associates*, 508 U.S. 248, 255 (1993).  Thus, the phrase "appropriate equitable relief" in

4    section 1132(a)(3) is limited to include only "those categories of relief that, traditionally speaking

5    (*i.e.,* prior to the merger of law and equity) were *typically* available in equity." *CIGNA Corp. v.*

6    *Amara*, 131 S. Ct. 1866, 1878 (2011) (citing *Sereboff v. Mid Atl. Med. Services, Inc.*, 547 U.S. 356,

7    361 (2006)) (emphasis in original). *See Wise*, 600 F.3d at 1190 ("equitable" action for the "recovery

8    of past and future benefits" under section 1132(a)(3) was "likewise barred").

9                     b.    Modification of the Law of Equitable Relief

10   Traditional rules of equity apply to claims for equitable relief under § 1132(a)(3). "Equitable

11   relief" under § 1132(a)(3) is limited to "those categories of relief that were *typically* available in

12   equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens* at

13   508 U.S. at 256-58. *See Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (in discussing

14   the appropriate standard for granting preliminary injunctive relief, the court cited *Winter v. Natural*

15   *Res. Def. Council, Inc.*, 555 U.S. 7 (2008), a National Environmental Policy Act case, not an ERISA

16   case).  Thus, for instance, in *Great-West Life & Annuity Ins. Co. v. Knudson*, the Court rejected a

17   plaintiff's request for a specific injunction ordering an insurer to reimburse an ERISA governed

18   plan, in part, because "an injunction to compel the payment of money past due under a contract, or

19   specific performance of a past due monetary obligation, was not typically available in equity."

20   *Great-West Life*,  534 U.S. 204, 210-11 (2002).

21   Thus, this Court looks to the Supreme Court's recent pronouncement in *eBay Inc. v.*

22   *MercExchange, L.L.C.*, 547 U.S. 388 (2006), as setting out the appropriate standard for granting

23   injunctive relief.  "According to well-established principles of equity, a plaintiff seeking a

24   permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc.*,

25   547 U.S. at 391.  Under that four-factor test, "[a] plaintiff must demonstrate:  (1) that it has suffered

26   an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate

27   to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and

28   defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by

United States District Court

For the Northern District of California

1   a permanent injunction." *Id.* (citing *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311-313 (1982);

2   *Amoco Production Co. v. Gambell,* 480 U.S. 531, 542 (1987)).

3              c.      Injunction Regarding Definition of "Total Disability"

4              The first form of equitable relief that Plaintiff seeks is an injunction barring United of Omaha

5   from "denying benefits based on an interpretation of 'total disability' different from that required

6   under applicable California law." Compl. at 6.  Defendant argues that this request for injunctive

7   relief "fails as a matter of law," in that "ERISA preempts California law in this regard."  Def.'s Mot.

8   to Dismiss at 12.  A number of recent district court cases have held that "ERISA preempts the

9   California definition" of total disability.  *See e.g. Finkelstein v. Guardian Life Ins. Co. of Am.*, 2008

10  WL 8634992 (N.D. Cal. Nov. 23, 2008).  Plaintiff nonetheless argues that these decisions "were

11  decided incorrectly, as the California definition is saved from ERISA preemption because it

12  qualifies under ERISA's Savings Clause."  Pl.'s Opp. at 7 (citing 29 U.S.C. § 1144(b)(2)(A);

13  internal quotation marks omitted).  Specifically, Plaintiff contends that ERISA's savings clause

14  saves California's definition of "total disability" from being preempted by federal common law

15  because it falls within the scope of "any law of any State which regulates insurance."  29 U.S.C. §

16  1144(b)(2)(A).  She fails, however, to cite any persuasive authority supporting her argument.  In

17  fact, her interpretation runs contrary to the Ninth Circuit's holding that "the interpretation of ERISA

18  insurance policies is governed by a uniform federal common law."  *Evans v. Safeco Life Ins. Co.*,

19  916 F.2d 1437, 1439 (9th Cir. 1990).  *See McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1133

20  (9th Cir. 1996) ("ERISA preempts state common-law rules related to employee benefit plans.").

21             Indeed, several lower courts following the Ninth Circuit's pronouncement have specifically

22  found California's definition of "total disability" inapplicable to an ERISA disability insurance

23  policy.  *See e.g. Finkelstein*, 2008 WL 8634992, *8 (N.D. Cal. Nov. 23, 2008) ("Finkelstein's

24  argument that California's definition of 'total disability' should apply here is unavailing."); *Leick v.

25  Hartford Life & Acc. Ins. Co.*, 2008 WL 1882850, at *5 (E.D. Cal. Apr. 24, 2008) ("Under ERISA,

26  state law does not control the construction of the [benefits] policy . . . Plaintiff must demonstrate she

27  is "totally disabled" under the definition in the Policy."); *Tavor v. Aetna Life Ins. Co.*, 2008 WL

28  622019 at * 8 (D. Ariz. Mar. 4, 2008) (rejecting plaintiff's argument that "total disability" should be

United States District Court

For the Northern District of California

defined using California law, and finding that defendant "Aetna's use of the Plan definition was therefore proper."); *but see Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 970 Fn. 5 (C.D. Cal.2005) (stating in a footnote that California's definition of "total disability" applied in an ERISA case).[2]   In an analogous case, the Ninth Circuit upheld a Nevada District Court's decision not to apply state law in construing the term "total disability" in an ERISA insurance policy.  *See Buchanan v. Standard Ins. Co.*, No. 05-16651, unpublished slip copy, 2007 WL 2988756 at * 1 (9th Cir. Oct. 15, 2007) ("The district court properly held Nevada state law does not govern the interpretation of the term "total disability" in Standard Insurance's long term disability policy. The interpretation of terms in an ERISA insurance policy is governed by federal common law, not state law.") (citations omitted).

Plaintiff's citation to the Ninth Circuit's decision in *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998 (9th Cir.2004), in support of her position that California law should control the interpretation of this ERISA policy is unpersuasive.  Plaintiff cites *Hangarter* for the proposition that "California law *requires courts to deviate from the explicit policy definition of "total disability" in the occupational policy context*."  Pl.'s Opp. at 8 (citing *Hangarter*, 373 F.3d at 1006) (emphasis in original).  Plaintiff fails to note that *Hangarter* involved a breach of contract claim – not a claim brought under ERISA.  *See Hangarter*, 373 F.3d at 1003 ("Hangarter brought a diversity action alleging violation of Cal. Bus. & Prof.Code § 17200 (the Unfair Competition Act, or UCA), breach of contract, breach of the covenant of good faith and fair dealing, and intentional misrepresentation against Paul Revere and its parent company, UnumProvident Corp.).  Indeed, the court in *Hangarter* even noted in a footnote that had the insurance policy at issue been "part of an employee welfare benefit plan governed by ERISA, then a plaintiff's state law claims relating to that

---

[2]  The *Wible* court concluded that "[u]nder unpreempted California law relating to regulation of insurance policies, the ability to work sporadically or part time is an insufficient ground on which to deny benefits under a "total disability" policy: "Recovery is not precluded under a total disability provision because the insured is able to perform sporadic tasks, or give attention to simple or inconsequential details incident to the conduct of business."" *Id.*, 375 F. Supp. 2d 956, 970 at Fn. 5 (quoting *Erreca v. Western States Life Ins. Co.*, 19 Cal.2d 388, 396, 121 P.2d 689 (1942)).  However, *Wible* did not explain why it thought California law was not preempted by federal common law on this point, nor did it acknowledge the Ninth Circuit's countervailing precedent in *Evans* and *McClure*.  As such, the Court finds *Wible* unpersuasive.

policy are preempted and federal law applies to determine recovery." *Id.* at 1011 Fn. 8. *See*

*Finkelstein*, 2008 WL 8634992, at *8 (noting that *Hangarter* was a diversity breach of contract case

and did not involve ERISA claims).

Thus, the relief sought by Plaintiff barring United of Omaha from denying benefits based on

an interpretation of 'total disability' different from that required under applicable California law

fails to state a claim as a matter of law, because the California law on this matter is preempted.

Defendant's motion to dismiss this element of Ms. Brady's second cause of action is GRANTED.

### d.     Injunction Regarding Biased Medical Consultants

The second form of equitable relief that Plaintiff seeks from this Court is an injunction

barring United of Omaha from "obtaining input from biased medical consultants" who are "not

appropriately trained and experienced in the conditions which are the subject of the claim." Compl.

at 6. Defendant argues that such an injunction would be "impractical, unworkable, and incurably

imprecise" in that it fails to give adequate notice "as to what would be sufficient for future

compliance in all current and future Plan claims," and that the Court could not "possibly establish

standards by which such an injunction could be enforced in a specific claim." Def.'s Mot. to

Dismiss at 13.

Before getting to the specific arguments raised regarding this particular injunction, the Court

takes note of Defendant's more global argument that, as a general matter, Plaintiff's request for

injunctive relief ought to be dismissed based on the fact that she has adequate legal remedies

available under § 1132(a)(1)(B) of ERISA to satisfy her claims. *See* Def.'s Reply (Docket 20) at 4

("Plaintiff's benefits claims provide an adequate remedy at law . . . [s]he therefore lacks the

necessary standing to seek an injunction."). Ms. Brady seeks to escape the duplication argument by

emphasizing her intent to enjoin Defendant's allegedly wrongful conduct "as an individual Plan

participant and on behalf of all [other] participants and beneficiaries of the Plan." Compl. ¶ 23. She

alleges that United of Omaha has engaged in a pattern of interpreting the plan in a manner that

causes harm well beyond her own claim for damages. The injunctions she seeks would provide

relief for all other similarly situated claimants. Ms. Brady, however, has not brought her claim as a

class action, the proper mechanism for doing so. She cites no authority permitting her to circumvent

United States District Court

For the Northern District of California

the class action mechanism.  Indeed, the only ERISA cases that directly address whether a plaintiff can assert the rights of similarly situated parties, as Ms. Brady seeks to do, have been in the context of class action certifications.  *See e.g. In re First Am. Corp. ERISA Litig.*, 263 F.R.D. 549 (C.D. Cal. 2009) (holding that certain named ERISA plan participants have standing to serve as class representatives under U.S. Const Art. III); *In re Syncor Erisa Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005) (permitting class action to proceed under § 1132(a)(2) to avoid risk of inconsistent judgments involving identical breaches of fiduciary duties by identical individuals).

Furthermore, the relief she seeks contravenes the general rules applicable to Article III standing and its prudential limitations – in the normal course of affairs "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties" when stating a cause of action.  *Powers v. Ohio*, 499 U.S. 400, 410 (1991).  Outside the context of class actions and statutory authorized representative actions, in certain limited circumstances, litigants have been permitted to prosecute a claim on behalf of a third party, but in those cases courts have required an affirmative showing that "the party asserting [a third party's] right has a close relationship with the person who possesses the right," and that some "hindrance" precludes "the possessor's ability to protect his own interests."  *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).  However, there is no indication that the Plaintiff in the present case could, or has even attempted, to satisfy those requirements.

Turning to the specific injunction requested as to herself, United of Omaha argues that "Brady's request for an injunction prohibiting United from utilizing biased and inexperienced medical consultants . . . is unworkable and incurably imprecise."  Def.'s Mot. to Dismiss at 13.  The Court agrees.  Courts have declined injunctive relief where the injunction sought is of such an indeterminate character that an enjoined party cannot readily determine what conduct is being prohibited.  *See Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) ("Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."); *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987) ("Broad language in an injunction that essentially requires a party to obey the law in the future is not encouraged and may be struck from an order for

United States District Court

For the Northern District of California

injunctive relief."); *Rosen v. Siegel*, 106 F.3d 28, 32 (2d Cir. 1997) ("This rule against broad, vague injunctions 'is designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed . . .') (quoting *Calvin Klein Cosmetics Corp.,* 824 F.2d at 669).  Because parties are entitled to "receive fair and precisely drawn notice of what [an] injunction actually prohibits," injunctions must "describe in reasonable detail . . . the act or acts restrained or required." *Calvin Klein Cosmetics Corp.,* 824 F.2d at 669; Fed. R. Civ. P. 65(d)(1)(C).

The Court agrees with United of Omaha that Plaintiff's requested injunction prohibiting Defendant from utilizing biased and inexperienced medical consultants does not provide adequate standards to give the Defendant notice of "what would be sufficient for future compliance in [processing] all current and future Plan claims." Def.'s Mot. To Dismiss at 13.  The proposed injunction fails to "give sufficiently clear or enforceable standards for how United . . . would determine whether a medical consultant is appropriately trained and experienced or biased or has a conflict of interest." Def.'s Mot. To Dismiss at 13 (internal quotations omitted).  As such, Defendant's motion to dismiss Plaintiff's request for an injunction barring United of Omaha from obtaining input from biased medical consultants who are not appropriately trained and experienced in the conditions which are the subject of the claim is GRANTED.

e.     Request for Attorneys Fees Under § 1132(a)(3)

The third form of equitable relief requested under Plaintiff's § 1132(a)(3) cause of action is for money damages in an amount equal to "attorneys' fees and costs." Compl. ¶ 27.  Defendant objects to this claim being brought under § 1132(a)(3) because it is duplicative of ERISA's express provision allowing for an award of attorney's fees in § 1132(g)(1).  That section of ERISA provides that "in any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  As noted above, *Wise*, 600 F.3d at 1190 held that a plaintiff may not "resort to [ERISA's] equitable catchall provision to seek the same relief" that was an available remedy under another section. *Wise*, 600 F.3d at 1190. *See Varity Corp. v. Howe*, 516 U.S. 489, 515,(1996).  Here the relief sought is expressly available under § 1132(g)(1).

United States District Court
For the Northern District of California

1   Therefore, Defendant's motion to dismiss Plaintiff's request for attorney's fees and costs

2   under § 1132(a)(3) is GRANTED.

3            f.      Injunction Regarding the Termination of Benefits

4        The fourth and final form of equitable relief sought by the Plaintiff in her second cause of

5   action is for a judgment enjoining United of Omaha from "terminating benefits for the duration of

6   the applicable maximum benefit period under the Plan." Compl. ¶ 27. Plaintiff argues that "absent

7   the type of equitable relief Plaintiff is seeking, there is nothing to prevent United from improperly

8   terminating her disability benefits over and over again." Pl.'s Opp. at 4. United of Omaha argues:

9   (1) Plaintiff's requested equitable relief "is clearly legal rather than equitable in nature because the

10  claimed harm can be adequately addressed by money damages," Def.'s Mot. to Dismiss at 8, and,

11  alternately, (2) the requested equitable relief is duplicative of Ms. Brady's § 1132(a)(1)(B) claim

12  seeking "a declaration as to her entitlement to future benefits," Def.'s Reply at 3.

13       As Ms. Brady's claim appears to acknowledge, paragraph 20 of the Complaint expressly

14  "seeks a declaration as to her entitlement to future benefits" under § 1132(a)(1)(B), making the same

15  relief sought under § 1132(a)(3) duplicative. Defendant's motion to dismiss Plaintiff's request for

16  an injunction barring United of Omaha from terminating benefits for the duration of the applicable

17  maximum benefit period under the Plan is GRANTED.

18                          IV.   **CONCLUSION**

19       For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss the following

20  equitable remedies sought in Plaintiff's second cause of action with prejudice:

21       1.      An injunction barring United of Omaha from denying benefits based on an

22  interpretation of 'total disability' different from that required under applicable California law;

23       2.      An injunction barring United of Omaha from obtaining input from biased medical

24  consultants who are not appropriately trained and experienced in the conditions which are the

25  subject of the claim;

26       3.      Attorney's fees and costs under § 1132(a)(3); and

27       4.      An injunction barring United of Omaha from terminating Plaintiff's benefits for the

28  duration of the applicable maximum benefit period under the Plan.

1   The Court also **GRANTS** Defendant's uncontested Motion to Strike ¶ 27:1-2, 4-5, and 6-9 of

2   Plaintiff's complaint.

3       This Order disposes of Docket No. 13.

4

5       IT IS SO ORDERED.

6

7   Dated:  August 20, 2012

8

9                                                        _____
                                                         EDWARD M. CHEN
10                                                       United States District Judge

**United States District Court**
For the Northern District of California

14